NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN LAURENCE BERMAN,

Plaintiff - Appellant,

v.

Honorable Justice TRACIE BROWN,

Defendant - Appellee.

No. 24-787

D.C. No. 4:23-cv-04644-YGR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted June 18, 2025**

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

John Laurence Berman appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising out of state court proceedings.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

U.S.C. § 1915(e)(2)(B)(ii).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2012).  We affirm.

The district court properly dismissed Berman's action because his claims are barred by Eleventh Amendment immunity.  *See Munoz v. Superior Ct. of Los Angeles County*, 91 F.4th 977, 981 (9th Cir. 2024) (affirming dismissal of § 1983 claims seeking declaratory and injunctive relief because "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment," including for prospective injunctive relief); *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment does not permit retrospective declaratory relief.").

The district court did not abuse its discretion by denying Berman's motion to reopen because Berman failed to demonstrate any basis for relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59 or 60).

The district court did not abuse its discretion by dismissing Berman's action without leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper where amendment would be futile).

We reject as without merit Berman's contentions that the district court

denied him due process.

**AFFIRMED.**